IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re Anil Chugh,<br>　　　　　Debtor, | Ch. 7<br>Case No.: 23-cv-16790<br>Hon. Janet S. Baer |
| Zafar Sheikh,<br>　　　　　Plaintiff,<br><br>　　-v-<br><br>Anil Chugh, Vidhu Chugh, Ankur Chugh,<br>Ashwin Chugh, Unknown Transferees,<br>　　　　　Defendants. | Adv. Case No.: 24-ap-00200 |

**DEFENDANTS' AMENDED MOTION TO DISMISS**
**<u>ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

NOW COMES Anil Chugh ("Defendant"), Vidhu Chugh, Ankur Chugh, and Ashwin Chugh (collectively with Defendant, the "Defendants") by and through their counsel, T. Paul S. Chawla of Oak Brook Legal, P.C., and pursuant Rule 12(b)(6), motions to dismiss the adversary complaint filed by Creditor Zafar Sheikh ("Plaintiff") for failing to state a claim, stating as follows:

1. **Count 1 Fails to State a Claim Pursuant to 11 U.S.C. § 523 (a)**

Plaintiff pleads that conduct allegedly occurring in 2004 constituted misrepresentations which would bar Defendant's discharge under 11 U.S.C. § 523 (a).  Under Illinois law, a cause of action for fraud or misrepresentation must be brought within five years.  735 ILCS 5/13-205. Plaintiff has not pleaded that he obtained a judgment against Defendant for such allegations of fraud, but instead, appears to be asking this Honorable Court to enter a judgment finding such 20-year-old conduct constituted fraud and then declare any debt resulting therefrom to be non-dischargable.  "Although "[t]he non-dischargeability portion of the action is purely a creature of

1

bankruptcy law, . . . the existence of the claim depends on non-bankruptcy law . . . . if there is no claim to declare non-dischargeable, there is no basis for the action . . . . The issue will thus depend on the ability of the claimant to assert the claim in light of applicable non-bankruptcy statutes of limitation." *Bankers Life & Casualty Co. v. Gilmore*, 141 B.R. 734, 736. Plaintiff's Count 1, having failed to establish, within the applicable limitations period under state law, that a fraud claim exists based upon the conduct of Plaintiff in 2004, fails to state a claim. This Honorable Court cannot adjudicate the non-dischargeability of a claim that does not exist.

2. **Count 2 Misinterprets U.S.C. § 523 (a)(C)(i) and Must be Dismissed for Failing to State a Claim**

Plaintiff cites U.S.C. § 523 (a)(C)(i), claiming that it bars discharge of debt that could have been included in a prior bankruptcy. This is a misinterpretation of such provision. Such section bars only debt which could have been listed or scheduled in a "prior case concerning the debtor under this title or under the Bankruptcy Act *in which the debtor waived discharge, or was denied discharge . . . .*" U.S.C. § 523 (a)(C)(i), emphasis added. Plaintiff fails to plead that the 2009 bankruptcy case failed to result in a discharge or that the debtor waived discharge in such case. Plaintiff has failed to plead the facts necessary to state a claim under U.S.C. § 523 (a)(C)(i).

3. **Count 3 Fails to State a Cause of Action Under 11 U.S.C. § 727(a)(4)**

Plaintiff fails to establish any inaccuracy or misrepresentation on Form 103 which would justify denying discharge under 11 U.S.C. § 727.

Plaintiff suggests that Defendant disclosed his total income in 2020 to be $13,699.20. This misinterprets the disclosure on form 107 (attached to Plaintiff's complaint as Exhibit K). While Plaintiff disclosed that he in fact received social security income in 2020 in such amount, nowhere does Defendant state that is the totality of his 2020 income, and, in fact, Plaintiff was not actually obligated to disclose any portion of his 2020 income on such form since the form

only called for the preceding two calendar years' income, which, as this matter was filed in 2023, would be 2021 and 2022. The additional information provided as to Defendant's 2020 social security income is not alleged by Plaintiff to have been untruthful, nor is it claimed to be the entirety of Defendant's 2020 income. Plaintiff does not establish that anything in regard to Defendant's disclosure of his 2020 social security income is untruthful.

Plaintiff next suggests there is a misrepresentation on Form 107 in that Defendant disclosed $12,244.00 income from operating a business and $13,878.00 income from Social Security in 2021 when the bank statements of 410, LLC (the LLC through which Defendant operated his consulting business in 2021) shows deposits in 2021 totaling $10,100.00. Even if all deposits into the Bank of America account of 410, LLC were properly considered income of Defendant, this amount would still be below the disclosed income from operating a business of $12,244.00 set forth in Defendant's Form 107. Defendant is not hiding any income from 2021 and Plaintiff's allegations suggesting otherwise are based upon nothing more than speculation that this income is in some way additional or in excess of the $12,244.00 business income disclosed by Defendant.

Finally, as to Defendant's income in 2022, Plaintiff suggests there was a misrepresentation in that Defendant disclosed $14,689.20 social security income and $14,165.00 income from operating a business in such year on Form 107 when, according to Plaintiff's calculations, the bank statements of 410, LLC reflect $91,011.00 gross receipts in 2022. A limited liability company is a separate and distinct legal entity from an individual, even when an individual is the sole member thereof. Additionally, no binding precedent exists within the Seventh Circuit requiring a debtor to disclose gross receipts of the debtor's LLC as debtor's

3

personal income on Form 107. It is, after all, completely possible that the LLC's expenses accounted for all but $14,165.00 of the gross receipts of the LLC in 2022.

Additionally, and more importantly, in order to state a claim under 11 U.S.C. § 727(a)(4), even if an error, omission, falsity, mistake, or other such misrepresentation is shown to have occurred, a creditor must also allege Defendnat's state of mind. "After the creditor has demonstrated that the debtor made false statements, he must establish that these statements were made knowingly and fraudulently." *Clean Cut Tree Serv. v. Costello (In re Costello)*, 299 B.R. 882, 900 (Bankr. N.D. Ill. 2003). Therefore, assuming solely for the sake of argument, that Defendant should have disclosed his LLC's gross receipts when disclosing his personal gross income on Form 107 (which is not an interpretation supported by binding precedent in the 7th Circuit), Plaintiff must also have pleaded that the failure to disclose was done knowingly and with the intent to defraud. Plaintiff does not so plead, and merely speculative allegations or inferences are not sufficient substitute for such allegations. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007), citing *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2D 80. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

Given the above insufficiencies in pleading Count 3, this Honorable Court must dismiss Count 3 for failing to state a claim.

4

**4. Count 4 Fails to State a Claim Relating to a Fraudulent Transfer of Real Estate**

Plaintiff next attempts to suggest that Defendant in some way concealed his ownership of 635 Steeple Ridge Ct., Oak Brook, Illinois (the "Real Property"). Puzzlingly, Plaintiff makes this allegation despite having attached to his complaint as Exhibit J, a trust agreement and warranty deed showing the Real Property was conveyed by Marsha F. Gentile to Chicago Title Land Trust, as trustee under the trust agreement dated September 1, 2017 and known as Trust Number 8002375724 on September 26, 2017. The trust agreement clearly shows that the power of direction and beneficiary of such land trust is Ankur Chugh, or in the event of his death, Vindu Chugh. Defendant is not named in the trust agreement or upon the warranty deed transferring the Real Property into the land trust. Plaintiff's pleading, asserting that Defendant had an interest in the Real Property is beyond merely speculative. Plaintiff's allegations actually contradict the exhibits attached to his complaint showing Defendant was not part of any such transaction. Count 4, being pleaded without any factual support whatsoever beyond Plaintiff's wishful fantasy, clearly fails to state a claim and must be dismissed.

**5. Count 5 Alleges Nothing More than an Immaterial Mistake**

Defendant admits that the address listed upon his bankruptcy petition, 356 Trinity Lake, Oak Brook, Illinois, was an old address. Defendant's counsel incorrectly filled in such address when preparing Defendant's petition and the mistake was not discovered until pointed out by Plaintiff. Defendant suggests that such mistake is immaterial and does not directly relate to the Defendant's assets or disclosures. In addition, such misrepresentation, if it may even be so characterized, was made unknowingly and without intent to defraud, and Plaintiff's allegations attempting to infer a malicious or deceptive intent upon Defendant based upon such drafting

5

error are insufficient and speculative to the point that such allegations cannot be taken as true. Therefore, Count 5 must be stricken for failure to state a claim.

6. **Count 6 Fails to State a Claim Upon Which Plaintiff May Recover**

Plaintiff's Count 6 alleges that Defendant's payments to his attorneys for legal work during active litigation within a year prior to the bankruptcy filing constitutes preferential payments. As a preliminary matter, Plaintiff fails to make allegations beyond mere conclusion and speculation establishing Defendant's counsel as an "insider" as contemplated by 11 U.S. Code § 547. Furthermore, to the extent that Defendant has disclosed that in the year leading up to Defendant's bankruptcy filing, Defendant was engaged in active litigation (one of the cases being Defendant's defense against efforts at collection by Plaintiff in state court), it is abundantly clear that Defendant's payments to his counsel were either for new value, in securing further legal representation in defense of Plaintiff's state court collection efforts against Defendant or were at least substantially contemporaneous exchanges to secure Defendant's counsel's legal services in such litigation.

Finally, and most importantly, 11 U.S. Code § 547 allows a trustee to seek to avoid preferential payments. Plaintiff is a creditor, not a trustee. Plaintiff has no standing to make a claim under 11 U.S. Code § 547. Therefore, Count 6 fails to state a claim.

7. **Count 7 Fails to State a Claim Upon Which Plaintiff May Recover**

Similarly to Count 6, as discussed above, Count 7 attempts to allege relief in favor of Plaintiff on the basis of statutory provisions allowing a trustee to avoid preferential payments and fraudulent transfers (11 U.S. Code § 547 and 11 U.S. Code § 548). "[T]he commencement of bankruptcy gives the trustee the right to pursue fraudulently conveyed assets to the exclusion of all creditors." *Klingman v. Levinson*, 158 B.R. 109, 113 (N.D. Ill. 1993). Plaintiff is a creditor,

not a trustee. Plaintiff has no standing to make claims under 11 U.S. Code § 547 or 11 U.S. Code § 548 and the trustee has the exclusive power to avoid allegedly fraudulently conveyed assets, so Plaintiff's passing references to state law relief under the Illinois UFTA is likewise inapplicable. Count 7 fails to state a claim upon which Plaintiff may recover.

**8. Count 8 Suggests that Plaintiff's loan to Defendant is nondischargeable as an Educational Loan.**

Plaintiff's Count 8 suggests that the $100,000 loaned by Plaintiff to Defendant is nondischargeable as an education loan. In support thereof, Plaintiff cites 11 U.S.C. § 523 (a). To be clear, Plaintiff is not a governmental unit or nonprofit institution; furthermore, Plaintiff has pleaded the right to recover in this count on the basis of a loan (as opposed to an obligation to repay funds received as an education benefit, scholarship or stipend). Therefore, 11 U.S.C. § 523 (a)(8)(A) is inapplicable in whole. This leaves 11 U.S.C. § 523 (a)(8)(B) as the only possible avenue by which Plaintiff may succeed on this count. Plaintiff makes no allegations whatsoever in an attempt to establish the alleged loan to be a qualified education loan under section 221(d)(1) of the Internal Revenue Code of 1986. In particular, Plaintiff has failed to plead the purpose of the loan to be solely for qualified higher education expenses, that the recipient was an eligible student, or that the loan was for the benefit of Defendant's dependent at the time of the loan as those terms are used in 221(d)(1) of the Internal Revenue Code of 1986. Plaintiff's Count 8 is conclusory and speculative. Count 8 fails to plead a claim.

WHEREFORE, for the above reasons, pursuant to Rule 12(b)(6), Defendant respectfully prays that Plaintiff's adversary complaint be dismissed and for such other relief as is just.

Respectfully submitted;
By: ___/s/ T. Paul S. Chawla___
Counsel Anil Chugh, Vidhu Chugh,
Ankur Chugh, and Ashwin Chugh

T. Paul S. Chawla
ARDC No.: 6206722
Oak Brook Legal, P.C.
3908 N. Cass Ave.
Westmont, IL 60559
Tel.:    630 325-5557
tschawla@oakbrooklegal.com
jpelton@oakbrooklegal.com