## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 23 B 16790 |
| | ) | |
| ANIL CHUGH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| _____ | ) | |
| | ) | |
| ZAFAR SHEIKH, | ) | Adversary No. 24 A 00200 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANIL CHUGH, VIDHU CHUGH, | ) | |
| ANKUR CHUGH, ASHWIN CHUGH, | ) | |
| AND UNKNOWN TRANSFEREES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART
### DEFENDANTS' MOTION TO DISMISS

This cause came to be heard on the motion of Anil Chugh, Vidhu Chugh, Ankur Chugh, and Ashwin Chugh (together, the "Defendants") to dismiss the eight-count adversary complaint filed by Zafar Sheikh (the "Plaintiff") under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012) (ECF No. 31). Having considered the relevant documents and exhibits, the arguments of the parties, and the applicable law, and for the reasons stated in the Court's oral ruling read into the record on March 12, 2025,

IT IS HEREBY ORDERED that the Defendants' motion to dismiss is granted in part and denied in part as follows:

1. With respect to Count 1 of the complaint, the motion is granted with prejudice and may not be repled as to the section 523(a)(2)(B) claim. The motion is denied as to the section 523(a)(2)(A) claim because it sufficiently states a cause of action under that statutory provision and may stand.

2. The motion is granted as to Count 2 of the complaint under section 523(a)(10), and Count 2 is dismissed with prejudice. The Plaintiff may not replead that count.

3.  The motion is granted with prejudice and may not be repled as to Counts 3 and 5 under sections 727(a)(3) and 727(a)(4)(B)–(D). With respect to section 727(a)(4)(A), Counts 3 and 5 are dismissed without prejudice. The Plaintiff is granted leave to replead those counts under section 727(a)(4)(A) by May 2, 2025, consistent with this ruling.

4.  The motion is granted as to Counts 4, 6, and 7, which seek avoidance of alleged transfers, and those counts are dismissed as to all Defendants for lack of standing.

5.  The motion is granted as to Count 8 of the complaint under section 523(a)(8), and Count 8 is dismissed with prejudice as to all Defendants. The Plaintiff may not replead that count.

6.  If the Plaintiff repleads Counts 3 and 5 as set forth in Paragraph 3 above, the Defendants may answer or otherwise plead as to those counts on or before June 2, 2025.

7.  This matter is set for status on June 27, 2025, at 11:00 a.m.


Dated:  **March 27, 2025**                    **ENTERED:**


Janet S. Baer
United States Bankruptcy Judge