**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re Anil Chugh, <br>          Debtor, | Ch. 7 <br> Case No.: 23-cv-16790 <br> Hon. Janet S. Baer |
| Zafar Sheikh, <br>          Plaintiff, <br><br>      -v- <br><br> Anil Chugh, Vidhu Chugh, Ankur Chugh, <br> Ashwin Chugh, <br>          Defendants. | Adv. Case No.: 24-ap-00200 |

**MOTION FOR EXTENSION OF TIME TO RESPOND
TO MOTION TO RECONSIDER COUNT RELATED TO FRAUDULENT TRANSFER
OF THE LUXURY ESTATE BY CHUGH TO HIS SON**

NOW COME the Defendants Anil Chugh, Vidhu Chugh, Ankur Chugh, and Ashwin Chugh, by and through their counsel, Oak Brook Legal, P.C. and pursuant to Rule 9006(b)(1)(B) of the Federal Rules of Bankruptcy Procedure, motions this Honorable Court for an extension of time to respond to Motion to Reconsider Count Related to Fraudulent Transfer of the Luxury Estate by Chugh to his Son ("Motion to Reconsider"), stating as follows:

1. On November 21, 2025, the Court entered an order setting a briefing schedule on Plaintiff's Motion to Reconsider.

2. Defendants' response was due December 5, 2025.

3. Ankur Chugh was represented by another attorney, Lee R. Zeidman, in 2023 in relation to the proceedings in Cook County Case No.: 2016 CH 03166.

1

4. Current counsel for Defendants' investigation into this matter has revealed that in The Cook County proceeding, Plaintiff issued a subpoena to Chicago Title and Trust Co. regarding Trust 800 237 5724 on June 13, 2022. See Subpoena attached hereto as Exhibit 1 (this Honorable Court may take judicial notice of the court records of Cook County).

5. Notably, this is the same trust number relating to the land trust holding the real property commonly known as 35 Steeple Ridge Ct. in Oak Brook, Illinois, (the "Property") as seen in Exhibit J to Plaintiff's adversary complaint [Dkt. 1].

6. Attorney Zeidman was able to provide this office with a copy of a motion to quash a second subpoena in Cook Co. Case No.: 2016 CH 03166, (this time directed to Ankur Chugh) which references the fact that the first subpoena directed to Chicago Title and Trust Co., was complied with and 64 pages of documents were served upon Plaintiff on or about October 17, 2022.  See Exhibit 2 hereto.

7. The citation proceeding in Cook County was dismissed for want of prosecution while Zeidman's motion to quash the second subpoena was pending and therefore Plaintiff did not receive documents responsive to the second subpoena.

8. Attorney Zeidman was not able to provide to current counsel for Defendants a copy of the 64-page subpoena response to the first subpoena, between Chicago Title and Trust Co. and Plaintiff which response occurred, on Zeidman's information and belief, on or about October 17, 2022.

9. The Cook County Court records portal does not reflect the exact 64 pages of documents served upon Plaintiff on or about October 17, 2022 (this is not unusual, though, as the Court likely knows, for the reason that discovery responses are not, as a matter of course, usually filed in Illinois Courts).

10. Current counsel for Defendants next turned his investigation toward Chicago Title and Trust Co. itself.

11. Although Chicago Title and Trust Co., with Ankur Chugh's authorization, was capable of providing to counsel for Defendants all documents relating to the trust itself, Chicago Title and Trust Co. has not been able to provide the exact packet of 64 pages referenced in Attorney Zeidman's Motion to Quash the second subpoena.

12. Despite diligent inquiries with Ankur Chugh's former counsel and with Chicago Title and Trust Co., as well as follow up emails with Attorney Zeidman as recently as December 18, 2025, Defendants' current counsel has, as of yet, been unable to locate and confirm which 64 pages were produced to Plaintiff in October of 2022.

13. Based upon Exhibits 1 and 2, though, it appears that as of January 3, 2023, Plaintiff was fully aware that (a) the legal title to the Property was held by Chicago Title and Trust Co. and (b) that Plaintiff was aware that Ankur Chugh was responsible for payment of the mortgage on the Property. See Exhibit 2 at Exhibit C, Paragraph 1.

14. This is well more than a year prior to Plaintiff filing his adversary action [Dkt 1] on July 15, 2024.

15. Nonetheless, counsel for Defendants has been speaking with various additional parties at Chicago Title and Trust Co. in an effort to ascertain exactly which 64 pages were served upon Plaintiff in October of 2022, and is hopeful that a party with knowledge of the production will be available after the holiday season.

16. At the November 21, 2025 court date in this matter, when Defendants' counsel committed to filing his response, he did not account for the complexity and time that would be required to diligently investigate the question of Plaintiff's knowledge regarding the Property—

particularly given the intervening Thanksgiving holiday and the holiday vacation schedules of personnel at Chicago Title and Trust Co., Attorney Zeidman's office, as well as Defendant Ankur Chugh's work schedule, as he is a medical doctor working extended shifts to accommodate his coworkers' holiday leave.

17. Counsel for Defendants has been devoting reasonable diligence to completing his investigation into this matter in advance of the scheduled hearing date on December 22, 2025.

18. Counsel's failure to have completed his investigation and filed his response in a timely manner consistent with the briefing schedule entered on November 21, 2025 or reasonably prior to the hearing on December 22, 2025, constitutes excusable neglect and this Honorable Court may therefore extend the time for filing the response brief.

19. Additionally, Plaintiff served upon counsel for Defendants a document titled "Request to Produce" seeking to compel the appearance of all Defendants at the December 22, 2025 hearing, as well as production of several categories of mostly irrelevant documents. Defendants object to the use of the unfiled "Request to Produce," as it does not meet the formal requirements of a Rule 45 subpoena, because Ankur Chugh resides in Wisconsin, and because it was not filed sufficiently in advance of the December 22, 2025 hearing to allow Defendants time to gather responsive documents and arrange time off of work to make the appearance.

20. Furthermore, as discussed above, Ankur Chugh, a medical doctor, is not capable of obtaining time off on such short notice to attend the December 22, 2025 hearing in person.

21. And, Ashwin Chugh, a Clinical Psychologist, is also extremely busy during the holiday season, when mental health issues are statistically more likely to need immediate

professional attention, and therefore has been unable to get time off for the December 22, 2025 hearing in this matter.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court enter an order granting Defendants until January 9, 2026 to finalize their investigation and file their written response to the Motion to Reconsider, and continue the December 22, 2025 hearing until a date certain on or after January 19, 2026, with leave for Ankur Chugh and Ashwin Chugh to appear via zoom if their testimony is deemed necessary, and for such other and further relief as is just and appropriate.

T. Paul. S. Chawla
OAK BROOK LEGAL, P.C.                                Respectfully submitted by:
3908 N. Cass Avenue                                    /s/ T. Paul S. Chawla
Westmont, IL  60559                                   One of Defendants' attorneys
(630) 325-5557
Counsel for Defendants
Anil Chugh, Vidhu Chugh, Ankur Chugh, and Ashwin Chugh
tschawla@oakbrooklegal.com
Attorney No. 6206722

5